UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA DEE, by and through her Durable Power of Attorney, GEORGE DEE, and on behalf of Ms. Dee and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHELSEA JEWISH NORTH SHORE ASSISTED LIVING, INC.<br><br>Defendant. | C.A. NO.<br><br>**NOTICE OF REMOVAL** |

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and Local Rule 81.1, Defendant Chelsea Jewish North Shore Assisted Living, Inc. ("CJNSAL") removes to this court the above-styled action, pending as Civil Action No. 1984CV03982-BLS1, in the Business Litigation Session of the Suffolk Superior Court of the Commonwealth of Massachusetts. In support of this Notice of Removal, CJNSAL states as follows:

**Procedural History**

1. On or about December 23, 2019, Barbara Dee ("Mrs. Dee") commenced a civil action in the Business Litigation Session of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, entitled Barbara Dee v. Chelsea Jewish North Shore Assisted Living et al., Case No. 1984CV03982-BLS1, by filing a complaint styled as a class action on behalf of herself and a putative class of similarly situated persons (the "original complaint").

100327192

2. Mrs. Dee's original complaint asserted individual and class claims for violation of Massachusetts landlord-tenant law, specifically, Massachusetts General Laws, Chapter 186, Section 15B, entitled *Entrance of premises prior to termination of lease; payments; receipts; interest; records; security deposits* (hereinafter, the "Security Deposit Statute"); unjust enrichment, breach of contract, and declaratory judgment, alleging that CJNSAL, an assisted living residence ("ALR") certified under the laws of Massachusetts, illegally charged, collected, and mishandled from Mrs. Dee (and all members of a putative class described in the original complaint) certain upfront fees and deposits at the outset of its residents' tenancies. See EXHIBIT A.

3. Mrs. Dee's original complaint named as the sole defendant an entity unrelated to CJNSAL, Chelsea Jewish Community, Inc.

4. On or about February 5, 2020, Mrs. Dee filed an Amended Class Action Complaint (the "amended complaint") in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to add CJNSAL as a defendant in the case, and to add counts under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 and 9, arising out of the same facts alleged in the original complaint. See EXHIBIT B.

5. On October 21, 2020, Mrs. Dee's son and attorney-in-fact, George Dee (the "Plaintiff") filed a motion to substitute himself in place of Mrs. Dee as the plaintiff in the case, citing her diminished capacity and ability to adequately prosecute the case (Mrs. Dee is presently 84 years old and suffers from cognitive impairment and dementia). EXHIBIT C.

6. On November 25, 2020, the Plaintiff filed the operative complaint in this case, entitled the Revised Second Amended Complaint (hereinafter, the "Complaint"), which dismissed the

unrelated entity as a defendant, and substituted himself as the named-plaintiff in the case. EXHIBIT D.

7. On February 23, 2021, the Superior Court denied a motion by CJNSAL to dismiss some of the counts of the Complaint, and issued a tracking order to govern the course of discovery, motion practice, and the selection of a trial date in state court. EXHIBIT E.

8. Subsequently, the parties have been litigating the case in Superior Court under the tracking order devised by a judge sitting in the state court's Business Litigation Session. Recently, the parties reached an impasse regarding the proper scope of discovery, and, as of the date of this Notice of Removal, await a decision by the Superior Court to resolve the dispute. On April 26, 2021, CJNSAL filed a motion for protective order together with the Plaintiff's opposition.

9. Thereafter, on or about May 12, 2021, CJNSAL conducted an internal review of its records and determined, based upon the Plaintiff's definition of the putative class, the total number of fees and deposits collected from the putative class, and the diversity of citizenship in the putative class, that the federal courts of the United States have jurisdiction of this case under the Class Action Fairness Action of 2005, and accordingly hereby file the instant Notice of Removal. EXHIBIT F.

10. CJNSAL is not aware of the filing of any other relevant process or pleading.

**Statement of Jurisdiction
Under the Class Action Fairness Act of 2005**

11. Removal under CAFA requires the removing party's notice of removal to contain "a short and plain statement of the grounds for removal," which "may be based on 'information and belief,'" and which "'need not contain evidentiary submissions,'" *Ehrman* v. *Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019), cert. denied, 140 S. Ct. 2566, 206 L. Ed. 2d 497

(2020), citing *Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81 (2014) and *Carolina Cas. Ins. Co.* v. *Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014), but only plausible allegations of the jurisdictional elements. *Ibarra* v. *Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). See also *Lopez* v. *Adesa, Inc.*, 2019 WL 4235201, at *1 (C.D. Cal. Sept. 6, 2019) (same); *Kosieradzki* v. *Eversource Serv. Energy Co.*, 2021 WL 1227571, at *7 (D. Conn. Apr. 1, 2021) (same); *Arias* v. *Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same).

12. **Allegations.** The Plaintiff's Complaint alleges that Mrs. Dee and the members of the putative class, at different times, entered into residential leases with CJNSAL for units at its ALR in Peabody, Massachusetts, and that those leases, (called "residency agreements" in the ALR industry) were at all times subject to the provisions of the Security Deposit Statute. Complaint, ¶¶ 10-12.

13. The Complaint alleges that CJNSAL improperly charged, collected, and mishandled monies collected from Mrs. Dee and the rest of the putative class as "community fees" and "security deposits" under the lease with each of its residents. See *id.*, ¶¶ 17-60 (allegations as to Mrs. Dee individually) and ¶¶ 61-75 (allegations as to the putative class).

14. The Complaint brings claims for violation of the Security Deposit Statute, unjust enrichment, breach of contract, violation of the Massachusetts Consumer Protection Statute, M.G.L. c. 93A, §§ 2 and 9, and declaratory judgment arising out of the violations. See generally *id*.

15. The Complaint alleges that Mrs. Dee and the other members of the putative class have incurred damages as a result of CJNSAL's allegedly illegal collection of community fees, "including but not limited to, amounts tendered to CJNSAL as []Community Fee[s], and/or

any other fee not enumerated in [the Security Deposit Statute,] with interest thereon" and prays for relief which includes "multiple damages, costs and attorneys' fees[.]" *Id.*, ¶ 93.

16. The Complaint alleges that Mrs. Dee and the other members of the putative class have incurred damages as a result of CJNSAL's allegedly illegal collection and/or mishandling of their security deposits, "including but not limited to, the full amount of each Security Deposit, with interest thereon" and prays for relief which includes "multiple damages, costs and attorneys' fees[.]" *Id.*, ¶ 108.

17. The Complaint defines the putative class as "[a]ll current and former tenants who reside as assisted living facilities owned, operated and/or managed by CJNSAL in the Commonwealth of Massachusetts who were charged a [] Community Fee' and/or [] Security Deposit." *Id.*, ¶ 69.

18. The Complaint alleges that CJNSAL collected and handled community fees and security deposits from at least 106 ALR residents in the allegedly illegal manner set forth in the Complaint. *Id.*, ¶¶ 66-67.

19. The Complaint is couched as a class action brought by Mrs. Dee on behalf of similarly situated current and former ALR residents, and avers that a class action is superior to other available methods for fair and efficient adjudication of the controversy described in the Complaint, that common questions of law and fact which predominate over any questions of law or fact which may affect only individual class members, and further alleges that prosecution of the case as a class action would foster economies of time, effort, and expense to ensure uniformity of decisions. *Id.*, ¶¶ 73-75.

20. **Federal jurisdiction of class actions under the Class Action Fairness Act of 2005.** The Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453, and 1711 to 1715, was passed and enacted into law in response to the concerns of those individuals and groups supporting tort law reform. The purpose of the Class Action Fairness Act was to prevent perceived abuses in class action litigation, 127 AM. JUR. PROOF OF FACTS 3d 141, § 1 (2012), and "expand the number of class actions that could be litigated in federal court." *Waith* v. *Amazon.com, Inc.*, 363 F. Supp. 3d 210, 211 (D. Mass. 2019), citing *Amoche* v. *Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 49 (1st Cir. 2009) ("In CAFA, Congress expressly expanded federal jurisdiction largely for the benefit of defendants against a background of what it considered to be abusive class action practices in state courts.").

21. CAFA amended 28 U.S.C. § 1332 to provide federal district courts with original jurisdiction of class actions in which: (A) any class member is a citizen of a state different from any defendant; (B) any member of the plaintiff's class is a foreign state, or a citizen or subject of a foreign state, and any defendant is a citizen of a state; or (C) any member of the plaintiff class is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state; and (1) there are 100 or more class members and (2) the aggregate amount in controversy exceeds $5 million. 28 U.S.C.A. § 1332(d)(2); *McMorris* v. *TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007), citing *Natale* v. *Pfizer Inc.*, 379 F.Supp.2d 161, 167 (D.Mass.2005), *aff'd*, 424 F.3d 43 (1st Cir.2005).

22. **Timeliness.** The Notice of Removal is filed timely under CAFA, which permits a defendant to remove a qualifying class action to federal court either:

   a. within 30 days of receipt of the complaint, but only if the complaint demonstrates a basis for removal, 28 U.S.C. § 1446(b)(1); or

    b.    if the complaint does not demonstrate a basis for removal, then within 30 days after receipt by the defendant of a litigation document from the plaintiff (either an "amended pleading, motion, order or other paper") demonstrating sufficient jurisdictional facts, 28 U.S.C. § 1446(b)(3); or

    c.    outside the above 30 days periods, on the basis of its own information, provided that it has not run afoul of either of the 30-day deadlines. *Waith* v. *Amazon.com, Inc.*, 363 F. Supp. 3d 210, 213 (D. Mass. 2019). See also *Roth* v. *CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *Cutrone* v. *Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014); *Walker* v. *Trailer Transit, Inc.*, 727 F.3d 819, 826 (7th Cir. 2013).

23. Neither the original complaint, the amended complaint, or the Complaint contain specific, unequivocal statements by Mrs. Dee or the Plaintiff regarding the damages sought, or affirmatively reveal on their face damages that meet the minimum amount in controversy or minimum diversity requirements for federal court jurisdiction under CAFA. See *Walker*, 727 F.3d at 824, citing *Mumfrey* v. *CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013); *Akin* v. *Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir.1998); and *Lovern* v. *Gen. Motors Corp.*, 121 F.3d 160, 162–63 (4th Cir.1997).

24. The Plaintiff has not subsequently served any papers or pleadings which contain specific, unequivocal statements by Mrs. Dee or the Plaintiff regarding the damages sought, or affirmatively reveal on their face damages sufficient for federal court jurisdiction under CAFA. See *id*. and cases cited.

Case 1:21-cv-10980-NMG   Document 1   Filed 06/11/21   Page 8 of 18

25. CJNSAL has, through its own investigation of internal records, and upon information and belief, determined that the federal court in Massachusetts has jurisdiction of this case under CAFA. See EXHIBIT F.

26. **Minimum diversity is satisfied.** Complete diversity is not required under CAFA to establish diversity jurisdiction in removed class actions with more than $5 million in controversy. *Luther* v. *Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008).

27. To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed. 28 U.S.C. § 1332(d)(1)(D). *Smith* v. *Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021)

28. CJNSAL is a citizen of Massachusetts. See Complaint, ¶ 3.

29. Mrs. Dee is a citizen of Massachusetts. See *id.*, ¶ 1.

30. The Plaintiff is a citizen of Washington, D.C.

31. The definition of the putative class alleged in the Complaint is "[a]ll current and former tenants who reside[/d] at assisted living facilities owned, operated and/or managed by CJNSAL in the Commonwealth of Massachusetts who were charged a: [] Community Fee; and/or [] Security Deposit. Complaint, ¶ 69.

32. The definition of the putative class is not restricted to Massachusetts citizens. See *id*.

33. The definition of the putative class on its face encompasses class members who currently reside in CJNSAL's Peabody ALR and those who resided in the facility during the relevant period, but have since moved to another state. *Smith*, 991 F.3d at 1157.

34. Citizenship for purposes of CAFA jurisdiction is based on current residency and an intent to remain. *Id*.

8

35. Upon information and belief, the putative class is comprised of individuals who are citizens of states different from CJNSAL, or are citizens or subjects of foreign states. EXHIBIT F.

36. Specifically, Calvin Barnes, who is a member of the Plaintiff's putative class, having resided at CJNSAL's ALR from December 13, 2018 to March 19, 2019 and paid a community fee and security deposit, moved out of the ALR to another ALR in Hampton, New Hampshire, and is believed to have made that address his domicile since moving from CJNSAL's ALR in Peabody, Massachusetts. *Id*.

37. Specifically, Nancy Barnes, who is a member of the Plaintiff's putative class, having resided at CJNSAL's ALR in its Memory Care wing from November 7, 2018 and March 19, 2019 and paid a community fee and security deposit, moved out of the ALR to another ALR in Hampton, New Hampshire, and is believed to have made that address her domicile since moving from CJNSAL's ALR in Peabody, Massachusetts. *Id*.

38. More specifically, CJNSAL has identified that there are over two-hundred individuals who have moved out of CJNSAL's ALR in the class period as defined by the Plaintiff and who paid CJNSAL a community fee and/or a security deposit, and so who fall into the putative class as the Plaintiff has defined it, and states that given that many of these members have not resided in CJNSAL's Peabody, Massachusetts ALR since 2013, there is a reasonable probability that additional members of the putative class are citizens of states different than CJNSAL. *Id*. See *McMorris*, 493 F. Supp. 2d at 164, citing *Blockbuster, Inc*. v. *Galeno*, 472 F.3d 53, 59 (2d Cir.2006).

39. The diversity of citizenship described in the preceding paragraphs satisfies the requirements of minimal diversity under CAFA and Article III of the United States Constitution.

9

*McMorris*, 493 F. Supp. 2d at 164, citing *State Farm Fire & Casualty Co.* v. *Tashire*, 386 U.S. 523, 531 (1967).

40. **<u>Minimum class size is satisfied.</u>** Federal jurisdiction over class actions under CAFA does not apply to any class action in which the number of members of all proposed plaintiff classes in the aggregate is less than 100. 28 U.S.C. §§ 1332(d)(5)(B).

41. The Complaint alleges that CJNSAL illegally collected and mishandled the community fees and security deposits of at least 106 current and former ALR residents.

42. While it denies that its collection and handling of residents' community fees and security deposits was in any way improper, CJNSAL's own investigation has shown that in the class period defined by the Plaintiff, it collected community fees from at least 188 individuals and collected security deposits from at least 303 individuals, in the four (4) years preceding the filing of the original complaint and thereafter.

43. Individuals over and above those identified in the preceding paragraph paid community fees and security deposits in the six (6) years preceding the filing of the original complaint.

44. No court of competent jurisdiction has yet rules on whether the proper lookback period for the putative class is four (4) years or six (6) years prior to the filing of the original complaint, and the jurisdiction under CAFA is based on the Plaintiff's allegations.

45. Therefore, the Plaintiff's claims satisfy the minimum class size requirements for federal jurisdiction over the claim under CAFA.

46. **<u>Minimum amount-in-controversy is satisfied.</u>** Federal jurisdiction over class actions under CAFA extends to class actions in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C.A. § 1332(d)(2).

47. The Complaint does not plead a specific amount of damages. As such, removal is proper if CJNSAL demonstrates a "reasonable probability" that the aggregate claims of the purported class are greater than $5 million. *Silverstein* v. *ING Bank, FSB*, 2012 WL 4340587, at *1 (D. Mass. 2012).

48. Internal investigation by CJNSAL of the putative class's claims has confirmed that the matters in controversy exceed the sum or value of $5 million, exclusive of interest and cost. Specifically:

    a. CJNSAL's investigation has shown that in the class period defined by the Plaintiff, at least 303 current and former ALR residents paid security deposits to CJNSAL in the four (4) years that preceded the filing of the original complaint and thereafter;

    b. CJNSAL's investigation has shown that in the class period defined by the Plaintiff, at least 188 current and former ALR residents paid community fees to CJNSAL in the four (4) years that preceded the filing of the original complaint and thereafter;

    c. Additional current and former ALR residents paid community fees and security deposits to CJNSAL in the class period as it is defined by the Plaintiff, from December 2013 to the present;

    d. the Complaint alleges that Mrs. Dee and the putative class sustained damages as a result of CJNSAL's alleged violations of the Security Deposit Statute, including but not limited to, their *entire* community fees, Complaint, ¶ 93;

    e. the Complaint alleges that Mrs. Dee and the putative class sustained damages as a result of CJNSAL's allegedly illegal collection and/or mishandling of their security deposits, "including but not limited to, the *full amount* of each Security Deposit, with interest thereon," Complaint, ¶ 108;

11

f.  the Complaint includes prayers for relief that include treble damages on the entire amount of the community fees paid by the members of the putative class, plus costs and attorneys' fees; Complaint, ¶¶ 93 and 108;

g.  the Complaint includes prayers for relief that include treble damages on the entire amount of the security deposits paid by the members of the putative class, plus costs and attorneys' fees; Complaint, ¶¶ 93 and 108;

h.  the Massachusetts Security Deposit Statute permits recovery of three times a resident's security deposit, plus interest at the rate of five percent from the date when payment of such deposits were originally due, "together with court costs and reasonable attorney's fees" for certain violations of the Security Deposit Statute, see M.G.L. c. 186, § 15B(6)(a), (d), (e), and § 15B(7). which the Plaintiff has alleged CJNSAL has committed in the Complaint (see e.g., ¶¶ 52-55; 102);

i.  the Plaintiff has further alleged that CJNSAL's collection and handling of community fees and security deposits constituted "willful," "knowing" or "bad faith" violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 and 9, see Complaint, ¶¶ 187 and 209;

j.  the Massachusetts Consumer Protection Act permits recovery of treble damages for "willful," "knowing," or "bad faith" violations of the Act, see M.G.L. c. 93A, § 9(3) ("if the court finds for the petitioner, recovery shall be in the amount of actual damages … or up to three but not less than two times such amount if the court finds that the use or employment of the [unfair or deceptive] act or practice was a willful or knowing violation of [the Act] or that the refusal to grant relief upon demand was made in bad

faith with knowledge or reason to know that the act or practice complained of violated [the Act.]"

k.  because both the Security Deposit Statute and the Consumer Protection Act respectively establish statutory minimum recovery in the event of triggering conduct by a liable defendant, the court should consider it in determining whether the jurisdictional amount in controversy requirement is met; see *Deehan* v. *Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. 2008) (analyzing removal of action alleging violation of statute with a penalty provision).

l.  based on the Complaint's inclusion of a count for breach of contract, the Plaintiff maintains that the "lookback" period of the putative class extends to six (6) years prior to the filing of the original complaint filed by Mrs. Dee, or December 23, 2013.

m.  based on CJNSAL investigation showing:

  i. 188 putative class members having paid community fees between December 23, 2015 and the present, and

  ii. 303 putative class members having paid security deposits between December 23, 2013 and the present, and

  iii. claims for treble damages, court costs, and attorneys' fees on both the claims for damages related to community fees and security deposits, and

  iv. since ($5,000 × 3 × 188) represents the community fee charged to Mrs. Dee, multiplied by treble damages pled by the Plaintiff on behalf of the entire putative class under c. 93A, multiplied by the number of individuals who have paid community fees since December of 2015, and equals $ 2.82 million, and

    v. since ($6,180 × 3 × 303) represents the security deposit charged to Mrs. Dee, multiplied by the trebled damages pled by the Plaintiff on behalf of the entire putative class under cc. 186, § 15B(7) and 93A, multiplied by the number of individuals who have paid security deposits since December 2015, equals approximately $ 5.62 million, and

    vi. since the community fee and security deposit charged to Mrs. Dee represents a fair approximation of the community fees and security deposits charged to the members of the Plaintiff's putative class, and

    vii. since attorney's fees are included in determining the amount in controversy when a statute mandates or allows payment of the fees, *Baker* v. *Equity Residential Management*, 996 F.Supp.2d 1, 6–7 (D.Mass.2014), and

    viii. since the Plaintiff is expected to petition the court for inclusion of attorneys' fees in a damages award, but the compensatory damages already exceed the amount in controversy requirement and were not approximated or included in CJNSAL's calculations, —

**CJNSAL has calculated an approximate amount-in-controversy of at least $ 8.44 million in this case.**

49. The actual amount in controversy is higher, since CJNSAL's calculations do not include individuals who paid community fees and security deposits from December 2013 to November 2015, or the attorneys' fees pled outside of the statutory fees allowed under cc. 186 and 93A.

14

50. CJNSAL is not required to "confess liability for the entire jurisdictional amount" in order to overcome the amount-in-controversy threshold. *Raskas* v. *Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

51. Moreover, at the time of removal, Mrs. Dee and the putative class's likelihood of success on the merits is irrelevant to the court's jurisdiction under CAFA because the pertinent question is what is in controversy in the case, not how much the class is ultimately likely to recover." *Manson* v. *GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009). In measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Chavis* v. *Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (holding removal proper based solely on allegations in complaint); see also *St. Paul Mercury Indem. Co.* v. *Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling... ."); *Ching* v. *Mitre Corp.*, 921 F.2d 11, 13-14 (1st Cir. 1990) (holding that federal court may read complaint literally where specific allegations are made). The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn* v. *Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also *Brill* v. *Countrywide Home Loans, Inc.*, 427 F.3d 446, 448-49 (2005) ("The demonstration concerns what the plaintiff is claiming..., not whether plaintiff is likely to win or be awarded everything he seeks. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."), cited with approval by *Amoche* 556 F.3d at 51; *Jackson* v. *Am. Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure is the litigation value of the case

15

assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.").

52. CJNSAL's burden of proof on removal is "not an onerous one." *Manson* v. *GMAC Mort., LLC*, 602 F. Supp. 2d, 289, 294 n.9 (2009) ("[C]ourts recognize that ... a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204-05 (emphasis in original; internal quotation marks removed).

53. Accordingly, the amount in controversy in this case satisfies CAFA's required $5 million minimum. See 28 U.S.C. § 1332(d)(5)(B).

54. Moreover, a court takes into account attorneys' fees where the award of those fees is statutorily authorized. See *Velez* v. *Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) ("As a general rule, attorney's fees are excludable in determining the matter in controversy because, normally, the successful party does not collect his attorney's fees in addition to or as part of the judgment."); see also *Tompkins* v. *Basic Research LL*, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) (including 25% of the common fund for attorneys' fees when calculating amount in controversy).

55. Here, the Plaintiff also contends Mrs. Dee and the putative class are entitled to attorneys' fees under both the Security Deposit Statute and the Consumer Protection Act.

56. Without conceding liability, appropriateness of class treatment, appropriateness of the Plaintiff's class definition, the validity of the Plaintiff's claim for relief, the appropriate method for calculating damages (if any), or the truth of the Plaintiff's allegations, the Plaintiff's request for attorneys' fees further takes the amount in controversy far beyond the statutory threshold. See 28 U.S.C. § 1332(d)(2).

57. **Venue is proper.** Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district—namely, the Superior Court of the Commonwealth of Massachusetts, Suffolk County. See also 28 U.S.C. § 101 (no statutorily defined judicial divisions in Massachusetts).

58. **Representations.** CJNSAL will give Plaintiff written notice as required under 28 U.S.C. § 1446(d) by serving Plaintiff, through his counsel of record, with this Notice of Removal and all documents filed in support thereof and concurrently herewith on the date of filing of this Notice of Removal.

59. Contemporaneously with the filing of this Notice of Removal, CJNSAL is filing a true and correct copy of this Notice of Removal and all documents filed in support thereof and concurrently therewith with the clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, under 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants respectfully request that this action proceed in this Court as an action properly removed to it.

THE DEFENDANT,
CHELSEA JEWISH NORTH SHORE
ASSISTED LIVING, INC.,

By Its Attorneys,


/s/ *Kevin W. Buono*
Joseph M. Desmond, BBO #634883
jdesmond@morrisonmahoney.com
Kevin W. Buono, BBO #693548
kbuono@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:       617-342-4935


**CERTIFICATE OF SERVICE**

The undersigned understands that the following counsel of record is not yet registered on the Court's CM/ECF database in connection with this matter.  As a result, these individuals will not receive from the Court electronic notification of the filing of the foregoing Notice of Removal, filed via ECF on June 11, 2021; (2) will not have immediate access to this document through the Court's website; and (3) will receive a copy of the foregoing from the undersigned upon filing via email.

Paul F.X. Yasi, Esq.
John R. Yasi, Esq.
Forrest, Mazow, McCullough, Yasi & Yasi, P.C.
Two Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890
paul@yasiandyasi.com
JYasi@forrestlamothe.com


Date: June 11, 2021          /s/ *Kevin W. Buono*
                              Kevin W. Buono

18