# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
BUSINESS LITIGATION SESSION
CA No.  19-3982

BARBARA DEE, on behalf of herself and all
others similarly situated,

    Plaintiff,

    v.

CHELSEA JEWISH COMMUNITY, INC.,

    Defendant.

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Barbara Dee ("Dee" or "Plaintiff"), hereby brings this action on behalf of herself, and

all other similarly situated individuals, against Defendant, Chelsea Jewish Community, Inc. ("Chelsea

Jewish Community, Inc." or "Defendant") to recover damages and to enjoin the unfair, deceptive and

unlawful practices complained of herein.

Dee claims that the acts and omissions of Chelsea Jewish Community (and the terms and

conditions of its Resident Agreements) violate certain Massachusetts laws and regulations. More

precisely, Dee alleges that Chelsea Jewish Community willfully and knowingly violates the provisions

of M.G.L. c. 186, § 15B by charging for, and collecting, impermissible amounts of monies at the

inception of leases for Chelsea Jewish Community's senior assisted living residence apartments.

Likewise, Dee claims that Chelsea Jewish Community also violates M.G.L. c. 186, § 15B by

collecting and mishandling the money collected from tenants as a Security Deposit.

Dee contends that Chelsea Jewish Community has implemented these schemes to exploit some of the most vulnerable members of society, namely the elderly.

## THE PARTIES

1. Plaintiff, Barbara Dee, is a resident of Essex County, Massachusetts.

2. Defendant, Chelsea Jewish Community, is a domestic company, with a principal office located in Chelsea, Massachusetts. At all times relevant hereto, Chelsea Jewish Community was in the business of owning, operating and/or managing assisted living facilities in the Commonwealth of Massachusetts.[1]

## JURISDICTION AND VENUE

3. Dee repeats and re-alleges the allegations set forth above.

4. This Court has personal jurisdiction over Chelsea Jewish Community by virtue of its transactions, marketing, advertising and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

5. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Dee, and the putative class, because the claims for damages exceed twenty-five thousand dollars ($25,000.00).

6. Venue in this matter is proper as Chelsea Jewish Community is a domestic company with offices in Suffolk County, Massachusetts.

## FACTUAL ALLEGATIONS

7. Dee repeats and re-alleges the allegations set forth above.

---

[1] Chelsea Jewish Community is defined to also include its parent, predecessors, subsidiaries, assignees and/or assigns. Further, this action is filed in relation to all of the acts and omissions (and liability therefore) for all of Chelsea Jewish Community's predecessors, subsidiaries, assignees and/or assigns.

8.  On or about September 3, 2019, Dee entered into a Residency Agreement for an apartment at the Chelsea Jewish Community complex located in Chelsea, MA.

9.  The terms and conditions of the Residency Agreement made clear that the rights and remedies of the parties thereto were/are to be controlled by the provisions of M.G.L. c. 186, et seq. and M.G.L. c. 239.

10. The Residency Agreement's provisions were at all times controlled by the provisions of M.G.L. c. 186, et seq. and M.G.L. c. 239.

11. At all times relevant hereto, Chelsea Jewish Community was Dee's residential landlord.

## Facts Pertinent to Dee's Community Fee Claims

12. At or before the inception of Barbara Dee's residential lease, Dee was required to tender a one-time non-refundable Community Fee ("Community Fee").

13. Dee paid a Community Fee to Chelsea Jewish Community in the amount of five thousand dollars ($5,000.00).

14. Chelsea Jewish Community required the Community Fee to be paid in full at the inception of Dee's tenancy.

15. Chelsea Jewish Community required the Community Fee to be paid in full before Dee could take possession of her apartment.

16. Dee paid the Community Fee at or before the inception of her tenancy.

17. Chelsea Jewish Community collected Dee's Community Fee payment.

18. Chelsea Jewish Community received the benefit of Dee's Community Fee payment.

19. The Residency Agreement stated that Dee's Community Fee payment would be used for, among other things: benefits and amenities that are not reflected in the Occupancy Fee.

20. Dee's Community Fee was used for non-ALR services.

21. Dee's Community was utilized for costs associated with Chelsea Jewish Community's residential landlord costs.

22. Dee's Community Fee was deposited into a general operating account.

23. Dee's Community Fee was used to cover costs associated with deep cleaning her unit.

24.  Dee's Community Fee was used to cover costs associated with refurbishing her unit.

25. Dee's Community Fee was used to cover costs associated with processing her application.

26. Dee's Community Fee was used to cover costs associated with providing on-site café.

27. Dee's Community Fee was used to cover costs associated with providing common area access.

28. Dee's Community Fee was used to cover costs associated with administrative admission activities.

29. Chelsea Jewish Community kept a record of how Dee's Community Fee was allocated.

30. Chelsea Jewish Community did not keep track of how Dee's Community Fee was allocated.

31. Chelsea Jewish Community possesses the entirety of Dee's Community Fee.

32. All assisted living services provided to Dee are paid for through Dee's Occupancy Fee.

33. M.G.L. c. 186, § 15B(1)(b) prohibits a landlord, prior to or at the inception of a resident's tenancy, from requiring any tenant or prospective tenant, to pay any amount in excess of the enumerated categories in clauses (i) through (iv) thereof.

34. Chelsea Jewish Community knowingly and willfully required that Dee pay the Community Fee at or before or at the inception of the tenancy.

35. Chelsea Jewish Community knowingly and willfully collected from Dee the payment of the Community Fee at or before the inception of his tenancy.

36. Chelsea Jewish Community continues to knowingly and willfully require that tenants and prospective tenants pay a Community Fee at or before the inception of their tenancy.

37. Chelsea Jewish Community has acted in the manner set forth herein with respect to numerous other similarly situated tenants and prospective residing at its senior living facilities in Massachusetts.

## Facts Pertinent to Dee's Security Deposit Claims

38. Dee's Residency Agreement required the upfront payment of a Security Deposit.

39. Dee's Residency Agreement required the upfront payment of a $6,190.00 Security Deposit.

40. At the inception of the lease, Dee paid $6,190.00 to Chelsea Jewish Community as a Security Deposit.

41. Chelsea Jewish Community collected Dee's a $6,190.00 Security Deposit payment.

42. Chelsea Jewish Community was required to comply with all the mandates of M.G.L. c. 186, § 15B with respect to its collection of, and handling of, Dee's Security Deposit.

43. Chelsea Jewish Community was required to comply with all the mandates of M.G.L. c. 186, § 15B with respect to its collection of, and handling of, Class Member's respective Security Deposits.

44. The terms of subject Residency Agreement permitted Chelsea Jewish Community to utilize the Security Deposit to cover all fees and other amounts due to the Community.

45. Dee was never given a receipt indicating that the Security Deposit was deposited in a separate interest-bearing account.

46. Dee was never given a receipt for his Security Deposit payment which receipt indicated the name and location of the bank in which the money had been deposited and the amount and account number of said monies.

47. Dee's Security Deposit payment was not deposited in a separate interest-bearing account.

48. Dee's Security Deposit payment is not currently deposited in a separate interest-bearing account.

49. Dee's Security Deposit payment was/is not held in a manner beyond the reach of Chelsea Jewish Community's creditors.

5

50. Dee's Security Deposit payment is not currently beyond the reach of Chelsea Jewish Community's creditors.

51. Chelsea Jewish Community does not maintain a record of all Security Deposit payments it received from Dee and other Class Members which contains the following information:

> (i) a detailed description of any damage done to each of the dwelling units or premises for which a security deposit has been accepted, returned to any tenant thereof or for which the lessor has brought suit against any tenant;
>
> (ii) the date upon which the occupancy of the tenant or tenants charged with such damage was terminated; and
>
> (iii) whether repairs were performed to remedy such damage, the dates of said repairs, the cost thereof, and receipts therefor.

52. Chelsea Jewish Community does not make available for inspection, upon request of a tenant or prospective tenant during normal business hours in the office of the lessor or his agent, the records described in the paragraph above.

53. All of the requirements governing the collection and retention of all such Security Deposits under M.G.L. c. 186, § 15B apply to the $2,150.00 collected from Dee.

54. Chelsea Jewish Community continues to knowingly and willfully require that tenants and prospective tenants pay an amount that in actuality constitutes a Security Deposit at or before the inception of their tenancies.

55. Chelsea Jewish Community has acted in the manner set forth herein with respect to numerous other similarly situated tenants and prospective residing at its senior living facilities in Massachusetts.

## CLASS ALLEGATIONS

56. Dee repeats and re-alleges the allegations set forth above.

57. Chelsea Jewish Community has collected Community Fees from numerous other Class Members.

58. Chelsea Jewish Community has collected Security Deposits from numerous other Class Members.

59. Dee brings this class action, on behalf of herself and all other similarly situated individuals in accordance with Massachusetts Rule of Civil Procedure 23.

60. The class ("Class") shall be defined as:

All current and former tenants who reside at assisted living facilities owned, operated and/or managed by CJC in the Commonwealth of Massachusetts who were charged:

A. Community Fee (or any fee) not expressly enumerated by M.G.L. c. 186, § 15B(1)(b); and/or

B. A Security Deposit.

61. The members of the Class are so numerous that joinder of all members would be impracticable.

62. Dee's claims are common and typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Chelsea Jewish Community's acts and practices as described herein.

63. Dee will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

64. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class members. Common questions of law and fact include:

A. Whether Chelsea Jewish Community was permitted, at or prior to the commencement of a tenant's tenancy, to charge any fee not expressly enumerated by M.G.L. c. 186, § 15B(1)(b);

B. Whether the acts and practices of Chelsea Jewish Community described herein constitute violations of: M.G.L. c. 186, § 15B and/or 940 CMR 3.17 et seq.;

C. Whether the acts and practices of Chelsea Jewish Community described herein constitute violations of the common-law principals of misrepresentation and/or unjust enrichment;

D. The applicable statute of limitations to be determined on any or all of the successful causes of action;

E.   Whether Chelsea Jewish Community should be permanently enjoined from continuing the practices which are the subject matter of this civil action; and

F.   Whether Dee and the Class are entitled to damages, and if so the proper measure of damages.

65.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since:

A.   The financial harm suffered by individual class members is such that it would be economically unfeasible for them to individually litigate their claims;

B.   The factual and legal issues common to all class members far outweigh any individual questions;

C.   The prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and

D.   There will be no unusual or extraordinary management difficulties in administering this case as a class action.

66.   A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
## VIOLATION OF M.G.L. c. 186, § 15B
### (Community Fee)

67.   Dee repeats and re-alleges the allegations set forth above.

68.   Chelsea Jewish Community leased Dee an apartment at its Peabody facility.

69.   At or before the inception of his tenancy, Chelsea Jewish Community required that Dee pay a one-time Community Fee payment in the amount of $5,000.00.

70.   Chelsea Jewish Community collected the Community Fee payment from Dee.

71.   Chelsea Jewish Community was Dee's residential landlord.

72.   Chelsea Jewish Community is/was the residential landlord of Class Members.

73. Chelsea Jewish Community was not lawfully permitted to collect a Community Fee from Dee at the inception of, or before, Dee's tenancy.

74. A Community Fee is not enumerated as a charge under M.G.L. c. 186, § 15B.

75. Chelsea Jewish Community asserted a right to a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) allegedly due at the inception of or before other Class Members' tenancies.

76. Chelsea Jewish Community has collected a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) from Class Members at the inception of or before other Class Members' tenancies.

77. Chelsea Jewish Community continues to knowingly and willfully require that tenants and/or prospective tenants pay an unlawful Community Fee before or at the inception of their tenancy.

78. Chelsea Jewish Community's collection of a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) at the inception of, or before, Class Members' tenancies caused Class Members to act to their financial detriment.

79. As a result of Chelsea Jewish Community's collection of a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b), Dee and the Class have suffered damages, including but not limited to, amounts collected as a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b), with interest thereon.

   **WHEREFORE**, Dee respectfully requests that this court enter Judgment against Chelsea Jewish Community for its willful and knowing violations of M.G.L. c. 186, § 15B, and that the court award multiple damages, costs and attorneys' fees to adequately compensate Dee and the Class.

### COUNT II
### UNJUST ENRICHMENT
### (Community Fee Charges)

80. Dee repeats and re-alleges the allegations set forth above.

81. Chelsea Jewish Community wrongfully collected the Community Fee from Dee.

82. Chelsea Jewish Community has been unjustly enriched as a result of the collection of the Community Fee from Dee.

83. Justice requires that the wrongfully collected money be returned to Dee.

84. Chelsea Jewish Community wrongfully collected a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) from Class Members.

85. Chelsea Jewish Community has been unjustly enriched as a result of collecting a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) from Class Members.

86. Justice requires that the wrongfully collected money be returned to Class Members.

**WHEREFORE**, Dee and the Class respectfully request that this Court enter Judgment against Chelsea Jewish Community for unjust enrichment and award damages to adequately compensate Dee the Class and that the Court add thereto costs and attorneys' fees.

### COUNT III
### UNJUST ENRICHMENT
### (Security Deposit Violations)

87. Dee repeats and re-alleges the allegations set forth above.

88. Chelsea Jewish Community wrongfully collected the Security Deposit from Dee.

89. Chelsea Jewish Community has been unjustly enriched as a result of the collection of the Security Deposit from Dee.

90. Chelsea Jewish Community presently retains the Security Deposit which is the property of Dee.

91. Justice requires that the wrongfully collected money be returned to Dee.

92.  Chelsea Jewish Community wrongfully collected a Security Deposit from Class Members.

93.  Chelsea Jewish Community has been unjustly enriched as a result of the collection of a Security Deposit from Class Members.

94.  Chelsea Jewish Community presently retains the Security Deposit which is the property of Class Members.

95.  Justice requires that the wrongfully collected money be returned to Class Members.

     **WHEREFORE,** Dee and the Class respectfully request that this Court enter Judgment against Chelsea Jewish Community for unjust enrichment and award damages to adequately compensate Dee and the Class, further, that the Court add thereto costs and attorneys' fees.

<u>**COUNT IV**</u>
<u>**BREACH OF CONTRACT**</u>

96.  Dee repeats and re-alleges the allegations set forth above.

97.  On or about September 3, 2019, Dee entered into a Residency Agreement for an apartment at the Chelsea Jewish Community complex located in Chelsea, MA.

98.  The terms and conditions of the Residency Agreement made clear that the rights and remedies of the parties thereto were/are to be controlled by the provisions of M.G.L. c. 186, et seq. and M.G.L. c. 239.

99.  The Residency Agreement's provisions were at all times controlled by the provisions of M.G.L. c. 186, et seq. and M.G.L. c. 239.

100. The Residency Agreement between Dee and the Chelsea Jewish Community constituted a contract.

101. Per the terms of the Residency Agreement, Chelsea Jewish Community was required to comply with all Massachusetts laws meant for the protection of consumers.

102. The Chelsea Jewish Community had contracts with all of its residents.

103. The Chelsea Jewish Community had contracts with Class Members.

104. Chelsea Jewish Community breached its contract with Dee when it charged fees expressly prohibited by M.G.L. c. 186, § 15B.

105. Chelsea Jewish Community breached its contract with Dee when it collected amounts in violation of consumer protection statutes.

106. Chelsea Jewish Community breached its contract with Dee when it sought to have her waive rights to which she was entitled.

107. Dee was harmed by Chelsea Jewish Community's breach of contract in the form of Community Fee and Security Deposit she paid to Chelsea Jewish Community.

108. Chelsea Jewish Community breached its contract with Class Members when it charged fees expressly prohibited by M.G.L. c. 186, § 15B.

109. Chelsea Jewish Community breached its contract with Dee when it when it collected amounts in violation of consumer protection statutes.

110. Chelsea Jewish Community breached its contract with Class Members when it sought to have her waive rights to which she was entitled.

111. Chelsea Jewish Community breached its contract with Class Members when it sought to have them waive rights to which they were entitled.

112. Class Members were harmed by Chelsea Jewish Community's breach of contract in the form of Community Fees and Security Deposits they paid to Chelsea Jewish Community.

   **WHEREFORE**, Dee and the Class respectfully request that this Court enter Judgment against Chelsea Jewish Community for breach of contract and award damages to adequately compensate Dee and the Class, further, that the Court add thereto costs and attorneys' fees.

## COUNT V
## DECLARATORY JUDGMENT

113. Dee repeats and re-alleges the allegations set forth above.

114. There exists an actual controversy as to whether Chelsea Jewish Community may require a tenant or prospective tenant to pay a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) at or before the inception of their lease.

115. There exists an actual controversy as to whether the amount Chelsea Jewish Community collected as a security deposit subject to the mandates of M.G.L. c. 186, § 15B and/or 940 CMR 3.17.

116. There exists an actual controversy as to whether Chelsea Jewish Community is liable for violations of M.G.L. c. 186, § 15B; 940 CMR 3.17 et seq.; and/or the common law claims set forth herein.

117. Dee and the Class are entitled to a declaration that Chelsea Jewish Community is liable for the acts and omissions of its violations of M.G.L. c. 186, § 15B; 940 CMR 3.17 et seq.; and/or the common law claims set forth herein.

118. Dee and the Class are entitled to a declaration as to what, if anything Chelsea Jewish Community may require a tenant or prospective tenant to pay at the inception of, or before, the execution of a lease.

119. Dee and the Class are entitled to a declaration that the amount Chelsea Jewish Community collected as an amount as a security deposit subject to the mandates of M.G.L. c. 186, § 15B and/or 940 CMR 3.17.

120. Dee and the Class are entitled to a declaration that Chelsea Jewish Community's acts and omissions set forth herein constituted unjust enrichment.

121. Dee and the Class are entitled to a declaration that Chelsea Jewish Community's' acts and omissions set forth herein are in violation of M.G.L. c. 186, § 15B and/or 940 CMR 3.17 et seq.

122. Dee and the Class are entitled to a declaration that Chelsea Jewish Community's' acts and omissions set forth herein were committed willfully, knowingly and/or in bad faith.

**WHEREFORE**, Plaintiff and the Class demand that this Honorable Court declare that Chelsea Jewish Community may not charge or collect monies for a Community Fee, amenity fee, and/or any other fee not enumerated in M.G.L. c. 186, § 15B(1)(b) at the inception of or before a residents' lease.

## PRAYERS FOR RELIEF

**WHEREFORE**, Dee, on behalf of himself and all others similarly situated, demand judgment against Chelsea Jewish Community as follows:

A.    An order determining that this action is a proper class action and certifying Dee as representative of the putative class;

B.    An order appointing Dee's counsel as competent legal representatives of the putative class in this action;

C.    An order determining that the acts of Chelsea Jewish Community complained of herein constitute violations of M.G.L. c. 186, § 15B and/or 940 CMR 3.17 et seq.

D.    An order determining that Chelsea Jewish Community's acts and omissions as described herein constitute unjust enrichment;

E.    An order determining that Chelsea Jewish Community's acts and omissions as described herein constitute breach of contract;

F.    An order determining that Chelsea Jewish Community's violations of M.G.L. c. 186, § 15B and/or 940 CMR 3.17 et seq. were committed willfully and/or knowingly;

G.    An order awarding Dee and the Class multiple damages, together with interest, costs, and reasonable attorneys' fees;

H.    An order determining the appropriate statute of limitations applicable to this action;

14

I.    An order permanently enjoining Chelsea Jewish Community from continuing the unlawful practices which are the subject matter of this action;

J.    An order awarding Dee an appropriate stipend for acting as Class representative; and

K.    An order awarding Dee and the Class any further relief as may be just and appropriate.

## JURY DEMAND

Dee, on behalf of herself and all other similarly situated individuals, hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,
Plaintiff,
By her Attorneys,

DATED: December 18, 2019

John R. Yasi, Esq. (BBO #556904)
Jyasi@forrestlamothe.com
Matthew T. LaMothe, Esq. (BBO #677656)
Mlamothe@forrestlamothe.com
Brian P. McNiff, Esq. (BBO #691655)
Bmcniff@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA  01970
(617) 231-7829
(877) 599-8890

15