United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Barbara Dee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 21-10980-NMG |
| Chelsea Jewish North Shore | ) | |
| Assisted Living, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of claims that Chelsea Jewish North Shore Assisted Living, Inc. ("Chelsea" or "defendant"), a company that owns, operates and manages assisted living facilities, failed to comply with Massachusetts state law in charging, collecting and handling fees and security deposits from its current and former residents. Barbara Dee ("Dee" or "plaintiff"), a current resident at one of Chelsea's facilities, commenced this putative class action in state court, alleging statutory violations, as well as common law claims for breach of contract and unjust enrichment. In June, 2021, Chelsea filed a notice of removal pursuant to the Class Action Fairness Act of

2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4.  Pending before this Court is Dee's motion to remand.

CAFA confers federal jurisdiction over cases in which the plaintiff class includes at least 100 members, at least one class member is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d).  There are, however, exceptions to this general rule.  CAFA's "local controversy" and "home state" exceptions deny federal courts jurisdiction in cases where, among other conditions, two-thirds of the plaintiff class are citizens of the same state. 28 U.S.C. § 1332(d)(4).  CAFA also provides courts with discretion to deny jurisdiction "in the interests of justice and looking at the totality of the circumstances" when more than one-third of class members are citizens of the same state. 28 U.S.C. § 1332(d)(3).

The plaintiff bears the burden to show that an exception to CAFA jurisdiction applies. In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75, 78 (1st Cir. 2009).  Although the First Circuit Court of Appeals has not yet determined what standard is applicable, other circuit courts have found "there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship" under CAFA.  See Mondragon

v. Cap. One Auto Fin., 736 F.3d 880, 884 (9th Cir. 2013), and cases cited.  Here, Dee has not sustained that minimal burden, incorrectly asserting that it is the defendant who must prove that the exceptions to federal jurisdiction under CAFA are inapplicable.  More is required.  See McMorris v. TJX Companies, Inc., 493 F. Supp. 2d 158, 166 (D. Mass. 2007) ("bare assertion" that two-thirds of putative class members are citizens of Massachusetts insufficient to qualify for CAFA exclusion).

## ORDER

Plaintiffs may conduct limited discovery to be completed on or before December 31, 2021, tailored to prove the citizenship of putative class members.  In the meantime, her motion to remand (Docket No. 10) is **HELD UNDER ADVISEMENT**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 28, 2021